JASON ALLEN OLRICH,

    Plaintiff,

v.                                      Case No. 18-cv-1985-pp-nj

CORPORAL PARKER,
JOHN DOES #1, 2, and C.O. JULIAN,

    Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR TIME TO FILE AMENDED COMPLAINT MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT (DKT. NO. 18), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT PLAINTIFF REQUEST LEAVE OF THE COURT TO FILE AN AMENDED COMPLAINT (DKT. NO. 19) AND SUBSTITUTING JOHN DOE #3 FOR C.O. JULIAN**

      In December 2018, the plaintiff filed a complaint against eight defendants, alleging that he was subjected to sexual harassment by another inmate and that the defendants failed to protect him from harm. Dkt. No. 1. About eight months later, he filed a motion asking to stay screening until he could file an amended complaint and to consolidate this case with another of his cases, 18-cv-1980. Dkt. No. 13. A few weeks later, he filed an amended complaint. Dkt. No. 14.

      The court denied the plaintiff's motion to amend his complaint because the proposed amended complaint brought unrelated claims in the same suit. Dkt. No. 15 (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .")). The court denied the plaintiff's motion to consolidate the two cases for the

1

same reason. Id. at 2–4. This case involves allegations of sexual harassment and Case No. 18-cv-1980 involves allegations that the plaintiff was served spoiled meat. Because the court did not consolidate the cases or grant leave to amend the complaint, the plaintiff's original complaint was the operative complaint, and that is the complaint the court screened.

The court found that the plaintiff had stated a claim that Corporal Parker, C.O. Julian, John Doe #1 and John Doe #2 violated his rights under the Eighth Amendment based on his allegations that he was exposed to an objectively serious risk of sexual harassment, that all four defendants knew about the harassment and threat of continued harassment, that all four failed to act and that this subjected the plaintiff to potential and actual harm. Id. at 11. The court dismissed the other defendants and directed the United States Marshals Service serve the two remaining named defendants. Id. at 17. The Marshal was able to successfully serve Corporal Parker, dkt. no. 26, but neither the Marshal nor Kenosha County were able to identify C.O. Julian, so he has not yet been served, dkt. no. 27.

In early April, shortly after the complaint was transmitted to the Marshal for service, the plaintiff filed two motions. In the first motion, titled "Motion for Time to File Amended Complaint Motion for Extension of Time to File an Amended Complaint," the plaintiff asked the court to allow him to file his amended complaint "and motions for this case" and to "allow an extension of time." Dkt. No. 18. The plaintiff titled his second motion "Motion for Leave to File an Amended Complaint Plaintiff Request Leave of the Court to File an

2

Amended Complaint." Dkt. No. 19. In it, he asked leave of the court "to file an amended complaint to fix the previous one for failure to state a claim and fix the complaint, by adding new and proper claims to this action and John Doe defendants, and to fix original complaint which failed to state a claim." Id. The plaintiff cited Federal Rule of Civil Procedure 15 and case law indicating that a plaintiff must seek leave of the court to file an amended complaint. Id.

The plaintiff attached to this second motion a proposed amended complaint, which is the same as the proposed amended complaint he filed in September 2019. Dkt. No. 19-1. The only difference in the September 2019 proposed amended complaint and the April 2020 proposed amended complaint was that someone scratched out the date in the signature block and written in the date of April 8, 2020 on the last page. Id. at 6.

The court will deny the plaintiff's motion for an extension of time to file an amended complaint because it wasn't necessary. Though the court directed the plaintiff to file an amended complaint in his other two case (18-cv-1518 and 18-cv-1980), it did not do so in this case. There was no deadline for him to meet and therefore no deadline for the court to extend.

The court will deny the plaintiff's motion to amend his complaint. Though Fed. R. Civ. P. 15(a)(2) encourages courts to freely grant leave to amend, a court may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or where the

amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009); Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008). Here, amendment would be futile. The proposed amended complaint is substantively identical to the complaint the plaintiff filed in September 2019—the complaint the court rejected. The amended complaint impermissibly joined claims then, and it impermissibly joins claims now.

As noted, one defendant has appeared—Corp. Parker. The identity of C.O. Julian is not yet known. Because the plaintiff is proceeding against two Doe defendants, the court will substitute a third John Doe (John Doe #3) for C.O. Julian. This will allow the court to issue a scheduling order, which will include a deadline for identifying the Doe defendants. The plaintiff will be able to use discovery to learn the Doe defendants' identities, including the identity of the person he believes is C.O. Julian.

The court **DENIES AS MOOT** the plaintiff's motion for an extension of time. Dkt. No. 18.

The court **DENIES** the plaintiff's motion for leave to file an amended complaint. Dkt. No. 19.

The court **ORDERS** the clerk's office to substitute John Doe #3 for C.O. Julian on the docket.

Dated in Milwaukee, Wisconsin this 20th day of January, 2021.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**