UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON ALLEN OLRICH,

    Plaintiff,

v.                                                                                    Case No. 18-cv-1985-pp

CORPORAL PARKER, JOHN DOE #1,
JOHN DOE #2 and JOHN DOE #3,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 30) AND DISMISSING CASE WITHOUT PREJUDICE

    Plaintiff Jason Allen Olrich, a previously incarcerated person[1] who is representing himself, is proceeding under 42 U.S.C. §1983 on claims against a corporal and three unknown officers at the Kenosha County Detention Center. The defendants have moved for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before filing his complaint. Dkt. No. 30. The plaintiff has not opposed the motion. The court finds that the

---

[1] The plaintiff filed this lawsuit on December 14, 2018. Dkt. No. 1. At that time, he was incarcerated at the Oshkosh Correctional Center. Id. at 1. He was released on extended supervision on August 20, 2019. https://appsdoc.wi.gov/lop/detail.do. Prior to being released, the plaintiff notified the court that he would be getting out and provided the court with a new address in Twin Lakes, Wisconsin. Dkt. No. 12. The court has been using that address ever since, and the plaintiff appears to have received mail at that address because he has responded to things sent there. Documents the court has mailed to the plaintiff at the Twin Lakes address have not been returned as undeliverable, and the plaintiff has not notified the court of any subsequent change in address.

1

plaintiff did not exhaust his administrative remedies before filing suit in federal court.

**I.    Facts**

   A.    <u>Procedural Background</u>

On December 14, 2018, the plaintiff filed his complaint against ten defendants. Dkt. No. 15 at 5 (citing Dkt. No. 1 at 3-4). He alleged that a detainee at KCDC sexually harassed and sexually assaulted him in January 2018. <u>Id.</u> at 5-7 (citing Dkt. No. 1 at 5). He allegedly told Corporal Parker, Correctional Officer Julian and two John Doe officers about the detainee's actions, but none of the officers stopped the detainee or protected the plaintiff from the detainee. <u>Id.</u> (citing Dkt. No. 1 at 5-7). The plaintiff filed a Prison Rape Elimination Act (PREA) complaint, which resulted in an investigation. <u>Id.</u> at 7 (citing Dkt. No. 1 at 7). The court allowed the plaintiff to proceed on Eighth Amendment claims against Parker, Julian, and John Does #1 and #2 for failing to protect him from the detainee. <u>Id.</u> at 10–11. The court dismissed all other defendants. <u>Id.</u> at 8-10, 17.

The plaintiff also moved to file an amended complaint and consolidate this case with case 18-cv-1980. <u>Id.</u> at 2-3. The proposed amended complaint and case 18-cv-1980 both involved a claim that officials at the Kenosha County Jail fed the plaintiff spoiled meat in December 2017. <u>Id.</u> at 3. The court denied the plaintiff's motion because that issue is unrelated to his claim that officials at KCDC failed to protect him from the detainee. <u>Id.</u> at 3–4.

After the court ordered service of the complaint on the defendants, the plaintiff again moved to file an amended complaint. Dkt. No. 19. The proposed amended complaint was the same proposed amended complaint that the plaintiff

2

previously had asked the court to allow him to file. Dkt. No. 28 at 3 (citing Dkt. No. 19-1). The only difference between the two proposed amended complaints was the date provided at the end. Id. The court again denied the plaintiff's motion to file the amended complaint, reiterating that the proposed amended complaint attempted to impermissibly join unrelated claims. Id. at 4.

The U.S. Marshal successfully served the complaint on defendant Parker, but neither the Marshal nor Kenosha County were able to identify Officer Julian. Dkt. No. 28 at 2 (citing Dkt. No. 27). The court ordered the Clerk of Court to substitute John Doe #3 for C.O. Julian on the docket. Id. at 4. The court explained that substituting the John Doe placeholder for C.O. Julian "[would] allow the court to issue a scheduling order, which will include a deadline for identifying the Doe defendants." Id.

On February 25, 2021, the court entered the scheduling order. Dkt. No. 29. The court included in the scheduling order a May 11, 2021 deadline for the plaintiff to identify the three John Doe defendants. Id. at ¶1. The court ordered the plaintiff to "use discovery to identify the proper names of the three unknown defendants he sues." Id. The court explained that once the plaintiff identified the three unknown defendants, "he should file a motion to substitute the proper names for the currently named John Doe defendants." Id. The court warned the plaintiff that if he "[did] not identify the proper names of these defendants by May 11, 2021, the court may dismiss them from this case." Id. (emphasis omitted).

On April 9, 2021, the defendants moved for summary judgment on the ground that the plaintiff had not exhausted his administrative remedies for his claim against Corporal Parker—the only defendant whom the plaintiff had

3

identified and whom the Marshal had been able to serve. Dkt. No. 30. On April 12, 2021, the court ordered the plaintiff to respond to the defendants' motion, arguments and proposed findings of fact by May 10, 2021. Dkt. No. 35. The court warned the plaintiff that if he did not respond to the defendants' motion by the deadline, the court would "treat the defendants' motion as unopposed, accept all facts asserted by the defendants as undisputed and decide the motion based only on the arguments in the defendants' brief, without any input from the plaintiff." Id. at 2.

The May 10, 2021 deadline has passed, and the plaintiff has not responded to the defendants' motion or disputed the defendants' proposed findings of fact. As it said it would in its April 12, 2021 order, the court considers the following facts undisputed for purposes of this decision.

### B. Kenosha County Detention Center Grievance Procedures

The plaintiff was booked into the Kenosha County Pretrial Facility on August 22, 2017. Dkt. No. 32 at ¶1. During intake the plaintiff signed written acknowledgments of the existence of the Inmate/Detainee handbook. Id. On two occasions between August and November 2017, the plaintiff was transferred between the Pretrial Facility and KCDC. Dkt. No. 32 at ¶2. He was booked into KCDC on August 30, 2017, and again on October 20, 2017, and remained there pending his transfer to prison. Id.

Both times the plaintiff was booked into KCDC, he signed an "Acknowledgement of Orientation." Id.; Dkt. No. 33-2. By signing that document, the plaintiff agreed to "become familiar with and follow the Detention Center rules and regulations." Dkt. No. 33-2 at 2. He also acknowledged that he was "aware

4

there exists an Inmate/Detainee handbook that provides an overview of and a guide to facility policies, rules, and procedures that are currently in effect." Id. He acknowledged that the inmate handbook was "available to [him] electronically in English and Spanish at a kiosk that is located in every housing unit." Id.; Dkt. No. 32 at ¶3. He further acknowledged that "[a] print copy [of the handbook] is available in English and Spanish upon request." Dkt. No. 33-2 at 2; Dkt. No. 32 at ¶5. KCDC also provides a "thorough explanation of the inmate grievance and appeal process" that it plays "daily throughout the facilities utilizing a closed-circuit television system." Dkt. No. 32 at ¶4; Dkt. No. 33 at ¶3.

In January 2018, KCDC allowed inmates to file grievances and appeals about incidents or issues that occurred while they were at KCDC. Dkt. No. 32 at ¶8. The inmate handbook details the grievance procedures. Id. at ¶9; Dkt. No. 33-3. An inmate at the Pretrial Facility or KCDC must submit a written grievance within seven days of the incident. Dkt. No. 32 at ¶10; Dkt. No. 33-3 at 10. The grievance must include the inmate's full name, jacket number and housing location. Dkt. No. 33-3 at 10. Inmates in KCDC must place their written grievance in the grievance box located across from the dining halls. Id. A shift supervisor reviews and responds to the grievance within seven days. Dkt. No. 32 at ¶10; Dkt. No. 33-3 at 10. A dissatisfied inmate may appeal the response and must submit his appeal to the Facility Director within seventy-two hours of receiving the response. Dkt. No. 32 at ¶11; Dkt. No. 33-3 at 10. The Inmate Grievance Response form informs the inmate of the seventy-two-hour appeal window. Dkt. No. 32 at ¶11; Dkt. No. 33 at ¶8.

The defendants filed a declaration of Sergeant Doug Simpson, who is a sergeant at KCDC. Dkt. No. 33 at ¶1. Simpson reviewed the plaintiff's file from the Pretrial Facility and KCDC. Id. at ¶9. He determined that the plaintiff did not file any complaint, grievance or appeal related to his allegations that Corporal Parker failed to protect him from the detainee who sexually harassed and sexually assaulted him in January 2018. Id.; Dkt. No. 32 at ¶12. The defendants assert that because the plaintiff failed to submit a grievance and appeal in accordance with KCDC grievance policy, he did not exhaust the grievance procedures in place at KCDC. Dkt. No. 32 at ¶13; Dkt. No. 33 at ¶9.

The plaintiff was incarcerated at the time he filed this lawsuit. Dkt. No. 32 at ¶14. On February 23, 2018 (after the events the plaintiff alleged in the complaint), the plaintiff was transferred to Dodge Correctional Institution. Id. at ¶6; Dkt. No. 33 at ¶4.

**II.    Discussion**

    A.    Summary Judgment Standard

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. Brummett v. Sinclair Broad. Grp., Inc., 414 F.3d 686, 692 (7th Cir. 2005).

    B.    Exhaustion

Under the Prison Litigation Reform Act, an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see Woodford v. Ngo, 548 U.S. 81, 93 (2006). To comply with §1997e(a), an inmate must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015) (citing Woodford, 548 U.S. at 93). That means if the plaintiff failed to complete any step in the jail's exhaustion process before bringing his lawsuit, the court must dismiss the plaintiff's claims. See Perez v. Wis. Dep't of Corrs., 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. See

7

Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

KCDC's grievance procedures require an inmate to submit a grievance within seven days of the incident. KCDC staff respond to the grievance within seven days of receiving the grievance. If the response does not resolve the inmate's issue, the inmate must appeal within seventy-two hours of receiving the response. It is only after receiving a decision on the appeal that the inmate's administrative remedies are exhausted, allowing him to bring a federal lawsuit under §1983.

The undisputed facts show that the plaintiff failed to follow KCDC's grievance procedures. When he was booked into KCDC, the plaintiff acknowledged that he was aware of the existence of the handbook, which informed him that the grievance procedures were available to him both electronically at kiosks in the KCDC and in writing by request. Televisions throughout the KCDC also broadcasted information about the grievance procedures to inmates daily. There is no evidence that the plaintiff was unaware of the grievance procedure or that the grievance procedure was unavailable to him. Despite being aware of and able to use the grievance process, the plaintiff did not submit any grievance about the defendants' alleged failure to protect him from the detainee who sexually harassed and sexually assaulted him. Because he

failed to take even the first step of KCDC's grievance process, the plaintiff failed to exhaust his administrative remedies for his claim against Corporal Parker.[2]

The court finds that the defendants have satisfied their burden to show that the plaintiff failed to exhaust his administrative remedies before bringing this lawsuit. The court must dismiss the case without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").

### C. Doe Defendants

As noted, the scheduling order directed the plaintiff to identify the proper names of the three unknown defendants by May 11, 2021. Dkt. No. 29 at ¶1. The court warned the plaintiff that if he failed to identify the unknown defendants by that deadline, the court "may dismiss them from this case." Id.

The May 11, 2021 deadline has passed. The plaintiff has not identified the unknown defendants or requested additional time to do so. Consistent with the scheduling order, the court will dismiss the unknown defendants without prejudice because the plaintiff has failed to diligently prosecute his claims against them. See Civil L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

---

[2] Because the plaintiff did not comply with the court's order and has not disputed the defendants' proposed facts, there is "no reason to conduct an evidentiary hearing" under Pavey, 544 F.3d 739 (7th Cir. 2008). Aguirre v. Witek, No. 08-C-1110, 2010 WL 1292161, at *2 (E.D. Wis. Mar. 30, 2010) (quoting Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009)).

### III. Conclusion

The court **ORDERS** that John Doe #1, John Doe #2 and John Doe #3 are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

The court **GRANTS** the defendants' motion for summary judgment. Dkt. No. 30.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of May, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**